Richard J. Daley, Mayor, Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, v. Kilbourn Club, Inc., Licensee, Thomas K. Gregory, President, License Appeal Commission, A. L. Cronin, Chairman, William B. Chamberlain and Howard S. Cartwright, Members.

Gen. No. 50,111.

First District, Third Division.

October 28, 1965.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Allen Hartman, Assistant Corporation Counsel, of counsel), for appellant.

William A. Murphy, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The Mayor of Chicago, as Local Liquor Control Commissioner pursuant to statute (Ill Rev Stats, c 43, § 149, (1963)) revoked the license of the defendant-licensee to operate a dramshop. An appeal was taken to the License Appeal Commission. The Commission reversed and set aside the order of the Local Liquor Control Commissioner, who then brought an action pursuant to the Administrative Review Act to review the order of the Commission. The Circuit Court heard the matter and affirmed the License Appeal Commission. The Commissioner then took this appeal.

█ The License Appeal Commission is limited in its review to the record of testimony presented to the Local Liquor Control Commissioner and to a determination of whether there is any substantial evidence to support the Commissioner's findings. Charges were made that an altercation occurred in the saloon; that the bartender failed to protect one of the patrons who had been assaulted by another and failed to call the police, and that the bartender discharged a gun on the licensed premises in violation of an ordinance of the City of Chicago (Chicago, Ill, Municipal Code § 193–29 (1963)). This last charge is strongly substantiated by the evidence. One L. J. Boyd, a participant in the saloon brawl, testified that the bartender fired a gun in his direction. Another witness testified that a gun was fired by the bartender and that there was a hole in the ceiling which might have been made by a bullet. The evidence revealed that an expended cartridge had been found, although no bullet was discovered. A firearm was found in the storeroom showing one cartridge missing.

█ This constitutes substantial evidence sufficient to sustain the order of the Commissioner and is cause

for revocation within the meaning of the statute. Ill Rev Stats, c 43, § 149 (1963) provides:

"The local liquor control commissioner may revoke . . . any license issued by him if he determines that the licensee has violated any of the provisions . . . of any valid ordinance . . . enacted by the particular city council. . . ."

The city ordinance, supra, provides that "no person shall fire or discharge any gun, pistol, or other firearm within the City. . . ."

In Daley v. License Appeal Commission, 11 Ill App2d 421, 138 NE2d 73, the court said (pp 425, 426):

"Aside from the language of the statute itself, there is a sound basis in public policy for vesting this discretion in the mayor as Local Liquor Control Commissioner. The retail sale of intoxicating liquors when not properly conducted is a business fraught with danger to the community. The entire Dram Shop Act, with its ofttimes described 'harsh' provisions, indicates the legislature's awareness of this fact."

In Nechi v. Daley, 40 Ill App2d 326, 188 NE2d 243, which involved the revocation of a license, the court quoted the language in Daley v. License Appeal Commission, supra, with approval, and further said (pp 337, 338):

"The reasoning of the court in the Daley case applies with equal force to the situation now before us."

■■ It is obvious that the legislature in the passage of this law recognized that the operation of dramshops is fraught with danger and that the purpose of the Dram Shop Act is to protect the public against that danger. The Mayor is charged with the responsibility of maintaining peace and order in the municipality and his judg-

ment thereon should not be disturbed where there is substantial evidence to support the charge.

The order of the Commissioner revoking the license is sustained and the judgment of the court is reversed.

Judgment reversed.

DEMPSEY, P. J. and SULLIVAN, J., concur.