Marco Legones, Plaintiff-Appellant, v. License Appeal Commission of the City of Chicago, A. L. Cronin, Chairman, and Richard J. Daley, Local Liquor Control Commissioner of the City of Chicago, Defendants-Appellees.

**Gen. No. 52,193.**

First District, First Division.

October 21, 1968.

BURMAN, P. J., dissenting.

Wexler & Wexler, and Samuel C. Cohon, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Marvin E. Aspen and Henry N. Novoselsky, Assistant Corporation Counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an administrative review action in which the Circuit Court affirmed the revocation of plaintiff's City of Chicago retail liquor license for premises at *4721 N. Clifton Avenue*, Chicago. On appeal, plaintiff contends that the judgment of the trial court is not substantially supported by the evidence or by the law.

The order of revocation for 4721 N. Clifton was entered by the Local Liquor Control Commissioner of the City of Chicago on December 9, 1966, and made the following findings:

> 1. That on September 3, 1966, during an altercation on the licensed premises, George Semhrong, a patron on the licensed premises, was assaulted by another patron on said premises, one Alma Howe, with a deadly weapon, to-wit: a broken bottle, in violation of the Ordinances of the City of Chicago and the Statutes of the State of Illinois.
>
> 2. That the licensee and his agents failed to protect said patron, failed to render aid to said victim and failed to notify the police department of said altercation.
>
> 3. That on September 3, 1966, Oliver Montgomery, bartender on the licensed premises obstructed justice by directing one George Semhrong, not to report the above altercation to the police department.
>
> 4. That Marco Legones, the licensee of the licensed premises is not a proper person to possess a City of Chicago retail liquor license by reason of the

revocation of the liquor license for the premises located at 4804½ North Sheridan Road, on November 1, 1966.

The License Appeal Commission of the City of Chicago, in sustaining the order of revocation, found that findings (1) and (4) "are supported by substantial evidence in the light of the whole record," and that findings (2) and (3) were not supported by the record. On February 14, 1967, a judgment order was entered in the Circuit Court, which affirmed the order of the License Appeal Commission. This is the judgment from which plaintiff has appealed.

Plaintiff asserts there is nothing in this record that in any way reflects on the licensee as not being a proper person to possess a City of Chicago retail liquor license. Plaintiff notes the record shows no participation by the licensee or his employees in the altercation set forth in finding (1).

As to finding (4), which was based on the revocation of plaintiff's retail liquor license for 4804½ North Sheridan Road, Chicago, plaintiff contends that the acts there charged were allegedly committed by employees, and the licensee himself in no way participated in any of the acts. Plaintiff argues, "It seems incredible that where a licensee has more than one license at different locations that an act committed by an employee at any other location which might constitute a violation of the law resulting in a revocation should deprive the licensee at one or more other locations of his right to do business at these other locations."

The litigants here are the same as in a companion appeal (No. 52,192, Legones v. License Appeal Commission of City of Chicago, 100 Ill App2d 394, 241 NE2d 499), in which this Division is filing an opinion simultaneously with the instant opinion. The opinion in No. 52,192 affirms the November 1, 1966, revocation by the local commissioner of plaintiff's retail liquor license for 4804½

North Sheridan Road. There the order of revocation was based on findings (1) that a patron was assaulted by an employee of the licensee; (2) that alcoholic liquor was sold on the premises to a person under the age of 21 years; and (3) alcoholic beverages were sold to an intoxicated person on the premises, all in violation of the ordinances of the City of Chicago and the statutes of the State of Illinois.

■ Initially we note that when a person employs an agent to transact business for him, he is responsible for any act of the agent performed in the course of his duty or within the scope of his employment. Lipscomb v. Coppage, 44 Ill App2d 430, 430p, 197 NE2d 48 (1963).

The statutory authority for the Local Liquor Commissioner, here the Mayor of Chicago, to revoke a local liquor license, is found in paragraphs 112 and 149 of the Liquor Control Act (Ill Rev Stats 1967, c 43). Paragraph 112, § 3, provides:

> ". . . (1) To grant and or suspend for not more than thirty days or revoke for cause all local licenses issued to persons for premises within his jurisdiction; . . . ."

And paragraph 149 provides:

> "The local liquor control commissioner may revoke . . . any license issued by him if he determines that the licensee has violated any of the provisions . . . of any valid ordinance . . . enacted by the particular city council . . . ."

■ What constitutes "cause" for revocation is not set forth or limited by the Act. Illinois authorities have stated that the language of the statute is clear that the local commissioner, in the revocation of a local license, is vested with discretionary power to be exercised reasonably. (Daley v. Kilbourn Club, Inc., 64 Ill App2d 235, 237–238, 211 NE2d 778 (1965) ; Daley v. License Appeal

Commission, 11 Ill App2d 421, 425–426, 138 NE2d 73 (1956).) In Weinstein v. Daly, 85 Ill App2d 470, 229 NE2d 357 (1967), the power of revocation of the local commissioner is considered at length. There it is said (p 481):

> "A license is purely a personal privilege to do what would otherwise be unlawful and hence carries with it no vested property right. . . . The provisions of the Dram Shop Act are to be liberally construed to the end that the health, safety, and welfare of the people of the state shall be protected. . . . The privilege of license, accordingly, must subordinate itself to the reasonable exercise of the discretionary powers of the local governing body.

> ". . . The widespread retail sale of alcoholic beverages is a business which is said to be fraught with danger, an enterprise which if allowed to proceed unchecked, would place in imminent peril the public health, safety, and very moral fiber of the community. The rather dramatic provisions of the Dram Shop Act, itself, manifest such legislative concern. The question of revocation of a retail liquor license presents a peculiarly local problem which can be best solved by the respective Local Commissioners who, because of their proximity to and familiarity with the situation, have greater access to information from which an intelligent determination can be made. That determination should not be disturbed in absence of a clear abuse of discretion."

■■ The foregoing pronouncements in Weinstein apply here. We hold that the findings and revocation of plaintiff's retail liquor license for 4804½ North Sheridan Road, set forth in detail in appeal No. 52,192, Legones v. License Appeal Commission of City of Chicago, 100 Ill App2d 394, 241 NE2d 499, provided ample "cause" for the decision of the local commissioner to revoke plaintiff's

retail liquor license for premises located at 4721 N. Clifton. We find that this revocation was neither arbitrary nor a clear abuse of discretion.

For the reasons given, the judgment of the Circuit Court is affirmed.

Affirmed.

ADESKO, J., concurs.

BURMAN, P. J., dissenting:

Although I concur in affirming the revocation of Marco Legones' local liquor license for premises located at 4804½ North Sheridan Road, I must respectfully dissent from affirming the revocation of a similar liquor license held by the same licensee for premises located at 4721 North Clifton Avenue.

The plaintiff, Marco Legones, urges that there is nothing in the Liquor Control Act (Ill Rev Stats 1967, c 43), which enables the Local Liquor Control Commissioner to revoke a local liquor license upon the basis that a similar license held by a licensee at a different location had been previously revoked.

The record reveals that the order to revoke Legones' license for the Sheridan Road premises was based on finding (1) that a patron was assaulted by an employee of the licensee; (2) that alcoholic liquor was sold on the premises to a person under 21 years of age; and (3) alcoholic beverages were sold to an intoxicated person on the premises. However, the record also reveals that neither Legones, the licensee, nor any of his Clifton Avenue premises employees were present when any of these violations occurred. If the licensee had personally committed any act in violation of the Liquor Control Act at either of his premises there would be some basis for finding that he was not a person to hold a liquor license and there would be "cause" for the revocation of any similar license held by the licensee.

409

Assuming arguendo that the licensee had fifty stores and many employees it would be harsh punishment indeed to revoke all of his licenses because of the acts of one of his employees at one establishment at a time when he was not directly or indirectly involved. I do not think the punishment is any less harsh when the licensee has two premises and loses both licenses for misconduct in one. It is sufficient that one of his licenses was revoked because of the misconduct of an employee when he was not present.