Marco Legones, Plaintiff-Appellant, v. License Appeal Commission of the City of Chicago, A. L. Cronin, Chairman, and Richard J. Daley, Local Liquor Control Commissioner of the City of Chicago, Defendants-Appellees.

Gen. No. 52,192.

First District, First Division.

October 21, 1968.

Wexler & Wexler, and Samuel S. Cohon, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Marvin E. Aspen and Henry N. Novoselsky, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an administrative review action in which the Circuit Court affirmed the revocation of plaintiff's City of Chicago retail liquor license for premises at *4804½ North Sheridan Road*, Chicago. On appeal, plaintiff contends that the findings and decision of the Local Liquor Control Commissioner are against the manifest weight of the evidence.

The order of revocation, entered by the Local Liquor Control Commissioner of the City of Chicago on November 1, 1966, made the following findings:

1. That on January 6, 1966, during an altercation on the licensed premises, Devon C. Phillips, a patron on said premises, was assaulted by one Gene Jacobs, an employee of the licensee, in violation of the ordinances of the City of Chicago and the statutes of the State of Illinois.

2. That the licensee and his agents failed to protect said patron, failed to render aid to said victim and failed to notify the Police Department of said altercation.

3. That on April 23, 1966, Robert L. Willnow, bartender on the licensed premises, sold alcoholic liquor to a person under the age of 21 years, one Anthony G. Nahguaddy, a male 19 years, in violation of the ordinances of the City of Chicago and statutes of the State of Illinois.

4. That the licensee and his agents did on or about the 28th day of May 1966, serve alcoholic beverages to an intoxicated person, one Wayne Titchywy, a patron on said premises, in violation of the ordinances of the City of Chicago and statutes of the State of Illinois.

The License Appeal Commission of the City of Chicago sustained the revocation order, and on February 14, 1967, a judgment order was entered in the Circuit Court which affirmed the order of the License Appeal Commission. This is the judgment from which the plaintiff has appealed.

■ The only issue on this appeal is whether the findings are supported by substantial evidence in the light of the whole record. Under the Administrative Review Act, the findings and conclusions of the local commissioner on questions of fact are held to be prima facie true and correct (Ill Rev Stats 1965, c 110, § 274). The reviewing court is limited to a consideration of the record to determine if the findings and orders of the local commissioner are against the manifest weight of the evidence. Nechi v. Daley, 40 Ill App2d 326, 336, 188 NE2d 243 (1963).

Considered first is the finding (1) that Phillips, a patron, was assaulted by Gene Jacobs, an employee of the licensee. At the hearing before the Liquor Control Commission, Police Officer Thomas Ahlford testified that on January 6, 1966, he had occasion to go to the premises at 4804½ North Sheridan Road, and outside of the doorway he met Devon Phillips, who was bruised and bleed-

ing about the mouth and his shirt was ripped. The officer and Phillips entered the tavern, and Phillips pointed out Gene Jacobs as the person who struck him. Jacobs said he was a bouncer and admitted that "he laid his hands" upon Phillips. While at the tavern, George Lardis told the police officer he was the owner of the place, and Phillips had been in the place before and had always caused trouble with the patrons. Phillips told the officer it was his first visit to Chicago, and he had never been in the place before.

The police officer took Christy (the bartender), Jacobs, Lardis and Phillips to the district police station, where Officer Daniel Pappas questioned all of them. Officer Pappas testified that Phillips said he had been refused another beer, and Jacobs and the bartender punched him and threw him outside. Phillips then called the police. Jacobs said he assaulted Phillips because Phillips was trying to cause trouble. Christy said he refused to serve Phillips another beer because he had enough. An argument ensued, and Christy assisted Jacobs in ejecting Phillips.

Officer Pappas further testified that Lardis said he was the owner and Jacobs was the bouncer. Lardis said Legones was the licensee, but he didn't know where Legones was. Phillips did not want to sign a complaint. Officer Ahlford testified that Phillips had gone back to Mississippi the day after the occurrence.

Marco Legones, the licensee, was called as a Commission witness for the purposes of cross-examination and testified he was the licensee and sole owner of the tavern at 4804½ North Sheridan Road, and that he also owned another tavern. He was not in the tavern on January 6, 1966, when a fight occurred. George Lardis was a bartender and not his partner in business.

Plaintiff's witnesses included Roy Christy, who testified he was employed by Marco Legones at 4804½ North Sheridan Road. On January 6, 1966, he refused to serve

Phillips because he was drunk and dirty. He did not strike Phillips, nor did he tell the police that Lardis was the owner of the tavern.

Plaintiff's witness, Gene Jacobs, testified he was a patron at the tavern on January 6, 1966, and did not know Phillips. "When the police came in with him he did not say anything to me, but pointed his finger at me. The police officers arrested me and charged me with battery. I never saw Mr. Phillips before in my life. . . . The case was discharged because he wasn't there." He was employed by Legones occasionally on week ends to check identifications at the door. He did not tell the police that George Lardis was the owner of this tavern.

Another witness for plaintiff, George Lardis, testified he was employed by his cousin, Marco Legones, at 4804½ North Sheridan Road as a bartender. He was present when Phillips came into the bar, and he was drunk and staggering. Christy refused to serve Phillips, and he left, cursing. Phillips came back 45 minutes later with police officers, and they arrested Jacobs and Christy. Lardis was not arrested.

Considered next is the finding (3) that on April 23, 1966, Robert L. Willnow, a bartender on the licensed premises, sold alcoholic liquor to Anthony Nahguaddy, "a male 19 years."

Police Officer Robert Rathledge testified that on or about April 20, 1966, he went to the tavern at 4804½ North Sheridan Road and observed a male Indian (Anthony Nahguaddy) sitting at the bar, drinking from a bottle of Hamm's beer. The name of the bartender on duty was Robert Willnow. After some questioning, Nahguaddy produced a draft card bearing his name and "date of birth 1947." The manager, Mr. Lardis, was present. Nahguaddy said he had been coming into the tavern for at least two weeks, and he had never been questioned as to his age. The officer further testified that initially, Nahguaddy had produced a draft card and a voter's card with

the name of Clarence Ortley, and the date of birth on the cards was 1943. Ortley was present, and the officer arrested the bartender, Ortley and Nahguaddy. Charges which had been placed against the bartender for serving a minor were later dismissed.

Officer Rathledge further testified that on April 23, 1966, and after making the arrest, he checked the license of the tavern and asked Lardis who Marco Legones was, whose name was on the license, and Lardis said "he is a friend of mine . . . and he is out of town."

Officer Edward Kaliciak testified that at the 20th District police station, Nahguaddy told him in the presence of the bartender that he was born on February 1, 1947, and that he had been coming into the place for a couple of weeks, and nobody asked him for any identification.

Officer Ahlford testified that on April 23, Lardis told him he was the owner of the tavern located at 4804½ North Sheridan Road.

Witnesses for the plaintiff included Robert L. Willnow, who testified that on April 23, 1966, he was employed as a bartender at 4804½ North Sheridan. Marco Legones hired him. At that time he saw Anthony Nahguaddy on the premises but did not know who he was, and he did not serve him any drinks that night. The police took a bottle of Hamm's beer that belonged to a girl that was sitting next to Nahguaddy. He said Nahguaddy was not drinking anything. Willnow also testified that he had been found not guilty of serving a minor.

As to finding (3) (April 23, 1966), Marco Legones testified he was not in the tavern when the arrest was made for serving two minors. Lardis testified he checked the identification of Anthony Nahguaddy, and the name on the identification was John Courtly, age 22 or 23. Nothing was served to Nahguaddy. "The police walked in behind him, took him outside for a half an hour, took the bottle of beer from the bar from the girl and said

400

that he was drinking the beer of another customer. . . . It was the girl's bottle of beer. The officers that made that arrest were Rathledge and Lapthorne. This case was discharged in court."

Considered last is finding (4) that on May 28, 1966, alcoholic beverages were sold to an intoxicated person, Wayne Titchywy, a patron on the premises.

Officer Rathledge testified that on May 28, 1966, he was in the tavern at about 12:30 in the morning, making an investigation. He saw a man fall off a bar stool. The man was helped up, and the bartender, Christy, gave him another bottle of beer. The officer stated he was six feet away and saw Christy take money from the man. While in the tavern, George Lardis told him "he was going to put a stop to my checking identifications in the place." The officer then arrested Lardis for interfering with the police and took into custody Titchywy, Christy (the bartender), and Allen Tiger, an incoherent person. All were taken to the 20th District police station, where Titchywy was given a breathalyzer test. The officer stated that during the test Titchywy was asleep and hazy, his speech was slurred and his walk uncertain and wobbly. The officer further stated he had been a police officer for eight years and had arrested 50 to 60 persons for being under the influence of liquor, and in his opinion Titchywy was intoxicated when he arrested him on May 28, 1966. Christy was charged with serving intoxicated persons and Titchywy with disorderly conduct. Under cross-examination the officer stated that he did not hear Titchywy order a bottle of beer.

As to finding (4) (May 28, 1966), Roy Christy testified that he knew Titchywy and did not see him asleep at the bar or fall off the bar stool. He did not serve him any beer and did not take any money from him. He was drunk when he came in, and Christy would not serve him. He also said he did not call the police on January 6,

1966, when Phillips was beat up in the tavern, because there was no fight.

Lardis testified that he was on the premises May 28 when Titchywy was there. He was checking identifications and refused Titchywy and Tiger admittance because they had "had enough to drink." Titchywy was not sitting or sleeping at the bar, and he did not see Christy serve Titchywy anything.

Plaintiff contends that the findings and decision of the Local Liquor Control Commissioner were against the manifest weight of the evidence because "all the competent evidence conclusively established: (1) That the person who allegedly assaulted the patron was not an employee of the licensee, that no such assault took place in or about the licensed premises, that consequently the charge that the licensee failed to protect the patron, failed to render aid and failed to notify the police is without merit. (2) With respect to the charge that the licensee served alcoholic liquor to a minor the facts conclusively establish that the minor presented an identification card showing he was 23 years of age, looked 23 and that on the criminal charge of selling liquor to a minor the bartender was discharged and the minor was fined $50.00 for presenting false identification for the purchase of liquor. (3) On the third charge of selling alcoholic liquor to an intoxicated person, the evidence clearly establishes that the bartender did not serve him any beer and did not take any money from him."

Plaintiff observes, "The conclusion is inescapable that the Plaintiffs herein were not prosecuted, but were persecuted," and the findings in the hearing before the Local Liquor Control Commissioner were not supported by substantial evidence, in the light of the whole record, and were against the manifest weight of the evidence.

 We find no merit in plaintiff's contention that the not guilty finding in the criminal proceedings brought against plaintiff's employees should be given "serious

consideration" in the instant license revocation proceedings. "[T]he licensee's conviction of the crime to which his alleged misconduct related is neither necessary to sustain the order of revocation nor material." (Weinstein v. Daley, 85 Ill App2d 470, 476, 229 NE2d 357 (1967); Nechi v. Daley, 40 Ill App2d 326, 334.) When a person employs an agent to transact business for him, he is responsible for any act of the agent performed in the course of his duty or within the scope of his employment. Lipscomb v. Coppage, 44 Ill App2d 430, 430p, 197 NE2d 48 (1963).

 In sum, in the light of the whole record, we believe the testimony of the police officers presented sufficient substantial evidence to support the findings of the local commissioner. As plaintiff's employees denied the testimony of the police officers, it reduced the issue to one of credibility of the witnesses. The credibility of the witnesses here was a question for the local commissioner, who saw and heard them testify. It was the province of the commissioner to weigh the probabilities, judge the credibility of the witnesses, and determine whose testimony was more worthy of belief. There must be something more than the mere existence of conflicting testimony to warrant the conclusion that a finding of fact is erroneous. The decision of the commissioner cannot be said to be against the manifest weight of the evidence merely because the commissioner chose to believe the testimony of the police officers and not that of plaintiff's employees. (Crepps v. Industrial Commission, 402 Ill 606, 615, 85 NE2d 5 (1949).) In order for the decision of an administrative agency to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly evident.

As we cannot say on the record before us that the instant order of revocation was against the manifest weight of the evidence, we will not substitute our judgment for that of the local commissioner. Therefore, for

the reasons given, the judgment of the Circuit Court is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.