933–935 N. State Corporation, Ira Gruenberg, President, Licensee, Plaintiff-Appellant, v. Richard J. Daley, Mayor and Local Liquor Control Commissioner of the City of Chicago, and License Appeal Commission of the City of Chicago, Defendants-Appellees.

Gen. No. 53,220.

First District, First Division.

September 29, 1969.

Marovitz, Powell & Pizer, of Chicago (Edward A. Berman, of counsel), for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and RocLyne E. La Porte, Assistant Corporation Counsel, of counsel), for appellees.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook County sustaining the rulings of the License Appeal Commission of Chicago and of the Local Control Commissioner of the City of Chicago which revoked the retail liquor license issued to 933–935 N. State Corp. The license revocation order was based on the findings that Ira Gruenberg, the President of the licensee corporation and Thomas Burke, bartender on the licensed premises, permitted one Misty Dawn, an entertainer to perform lewd and indecent dancing and permitted Misty Dawn and one Bob Curtis to perform lewd and indecent acts while dancing, in violation of the ordinances of the City of Chicago and the statutes of the State of Illinois.

On appeal plaintiff contends that the above findings and decision are against the manifest weight of the evidence in that the evidence introduced by the City of Chicago is unworthy of belief and that the evidence introduced does not prove conduct in violation of the ordinances of the City of Chicago and the statutes of the State of Illinois.

The evidence presented in behalf of the City at the hearing before the Local Liquor Control Commissioner consisted solely of the testimony of John McCormick, a Chicago Police Officer assigned to the prostitution and obscene matter section of the liquor control enforcement unit. He testified that he entered the premises at 12:45 a. m., and ordered some drinks at the bar. An entertainer known as Misty Dawn appeared, stripped her clothing down to her bra and G string, lifted the latter, exposing her pubic hair, turned her back and lowered the back half of the G string exposing her buttocks; that he left the premises after this performance about 2:35 a. m. and returned about 3:00 a. m., when the next show was in progress in which Misty Dawn and a male entertainer, Bob Curtis, danced during which Curtis touched her buttocks and her breasts. McCormick testified further that he again left the premises and reap-

peared shortly with Sergeant Kane. The officers then arrested Gruenberg, Burke, Misty Dawn, Bob Curtis and four other persons who worked on the premises charging them with keeping a disorderly house, public indecency and being inmates of a disorderly house, all of which charges were subsequently dismissed in the Criminal Division of the Circuit Court.

Eleven witnesses, including patrons and employees, testified in behalf of the licensee. McCormick's testimony was contradicted. Some of the witnesses denied that McCormick was present at the 2:30 a. m. show and that Misty Dawn had exposed her pubic hair. Their description of the clothes Misty Dawn wore during her dance contradicted McCormick's description. McCormick did not recall how many acts there were or the number of performers other than Misty Dawn and Bob Curtis. He did not notice whether Misty Dawn wore ballet hose as claimed by her and other witnesses and did not recall whether Gruenberg and Burke watched Misty Dawn's performance. McCormick appeared on the premises alone, although he was accompanied by Sergeant Kane, who remained in the vicinity of the premises from 12:30 a. m. until 3:45 a. m., the time of the arrest. Officer McCormick was personally known by both Gruenberg and his bartender. It appears unbelievable that a performance such as McCormick described would occur in his presence when he was known to be a police officer. McCormick did not recall seeing Mr. & Mrs. Sherman and Mr. Miller on the premises. They testified they were there during the time of the allegedly offensive acts of Misty Dawn and Bob Curtis.

The record does not reveal the specific paragraphs of the ordinances and statutes involved. The Local Liquor Commissioner made no finding of violations of specific ordinances and statutes.

 We are mindful of the Illinois Statutes and the judicial decisions which give the Local Liquor Control

Commissioner wide discretionary power to determine what constitutes cause for revocation of a liquor license. We are mindful that his decision should not be disturbed unless there is a clear abuse of discretion by him. The issue here is whether the findings of the Local Liquor Control Commissioner, in support of his order of revocation, are supported by substantial evidence. It is primarily a question of credibility of the witnesses. We have said recently in Legones v. License Appeal Commission, 100 Ill App2d 394, 241 NE2d 499 (1968):

> "Under the Administrative Review Act, the findings and conclusions of the local commissioner on questions of fact are held to be prima facie true and correct. (Ill Rev Stats 1965, c 110, § 274.) The reviewing court is limited to a consideration of the record to determine if the findings and orders of the local commissioner are against the manifest weight of the evidence. Nechi v. Daley, 40 Ill App2d 326, 336, 188 NE2d 243 (1963)."

We conclude that the evidence presented in behalf of the appellant compels us to conclude that the findings and order of the Local Liquor Commissioner and the Circuit Court of Cook County are against the manifest weight of the evidence. The order of the trial court sustaining the order of the Local Liquor Control Commissioner and the License Appeal Commission is reversed.

Reversed.

MURPHY and BURMAN, JJ., concur.