IDA COLLINS, Plaintiff-Appellee, *v.* RICHARD J. DALEY *et al.,* Defendants-Appellants.

(No. 53583, )

First District—December 7, 1970.

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Richard F. Friedman, Assistants Corporation Counsel, of counsel,) for appellants.

George C. Rantis, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

On March 28, 1968, Richard J. Daley, as Local Liquor Control Commissioner of the City of Chicago, revoked, after a hearing, the license of Ida Collins to operate a tavern in premises located at 1737-1739 East 71st Street, Chicago, Illinois. The revocation was affirmed by the License Appeal Commission of the City of Chicago. Ida Collins instituted this action under the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110 par. 264—279). The Circuit Court reversed the Commissioner's revocation, and the defendants appeal.

The defendants contend, on appeal, (1) that there was substantial evidence to support the findings of the Commissioner; (2) that the findings present sufficient justification for the revocation of the license, and (3) that the plaintiff had opportunity to confront and cross-examine witnesses or alternatively that she waived any error by her failure to make timely objection at the hearing before the Commissioner.

We first consider the sufficiency of the evidence to support the findings of the Commissioner. The Commissioner found, after conducting a public hearing:

"1. That on or about December 31, 1967, during an altercation on the licensed premises, James Collins, bartender on said premises and the husband of the licensee, assaulted a person thereon, one Jimmie Johnson, with a deadly weapon, to wit: a handgun, in violation of the ordinances of the City of Chicago and The Statutes of the State of Illinois.

2. That the licensee and her agents failed to protect said person, failed to render aid to said victim and failed to notify the police department of the above altercation.

3. That on or about December 31, 1967, James Collins, Bartender on the licensed premises and the husband of the licensee, obstructed justice in that he failed to notify the police department at the commencement of the above altercation, after having sufficient and reasonable time with which to do so."

The evidence reveals that William Hester, who was 20 years old at the time of the shooting, went to the licensed premises with Jimmie Johnson at about 2:00 A.M. on December 31, 1967. James Collins, the bartender and husband of the licensee, told Hester that he could not come in, and Hester left. Johnson testified that he asked if Collins were talking to him, but Collins did not reply. Johnson then followed Hester, but told Collins that he would return. He returned, pulled the door open, and was stepping into the vestibule when Collins, who was inside the

premises, fired two shots. Johnson felt a burning in his mouth, and he ran out. Johnson was hospitalized for ten days, and while he was in the hospital, he had pieces of lead and tooth removed from his tongue. Johnson testified that the shooting was unprovoked and that he did not threaten Collins by word or act.

James Collins' testimony differed. Collins testified that he had had a history of difficulties with Hester and Johnson. On several occasions he had had to call the police to remove Hester who was too young to buy liquor. On another occasion he had had to call the police when Hester had come onto the premises in a drunken state. When Johnson and Hester entered the tavern on the morning in question, he told Hester that he could not come in—Hester replied, "We are coming in. This is a public place. I will tear it up and you too." They said they would leave, but threatened to return. Johnson did. Collins testified that he did not shoot at Johnson, but shot down at the floor. Johnson bumped into a post as he ran out, and he continued to run. He did not call the police when the alleged threats were made because he did not have sufficient time before Johnson came back. He only had time to go to the back of the tavern to get his gun. After the shooting, however, he still did not call the police. He only threw two nickels to his disc jockey and told him to call the police. He did not know whether, in fact, the police were notified. A patron, who was in the tavern at the time, corroborated the testimony given by Collins.

Jacob Katz, a police officer, testified that he arrived at the premises at about 2:45 A.M. after Hester had hailed him. Johnson was bleeding profusely from the mouth, and he took both Johnson and Hester to the hospital. He then returned to the tavern and spoke with Collins who admitted shooting Johnson after the two boys had threatened to tear up his place and injure him. Another police officer gave essentially identical testimony.

■■ Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110, par. 274) provides that "findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." On review, courts are not authorized to reweigh the evidence or to make an independent determination of the facts, but they are limited to a consideration of the record to determine whether the findings of the Commissioner are against the manifest weight of the evidence. (*Daley v. Perez* (1967), 81 Ill.App.2d 478, 226 N.E.2d 676.) It is the function of the local commissioner, who sees and hears the witnesses, to weigh conflicting testimony and to resolve conflicts in the evidence. On review, great weight must be given to the evaluation of

the testimony made by the trier of fact. *Legones v. License Appeal Commission of the City of Chicago* (1968), 100 Ill.App.2d 394, 241 N.E.2d 499.

■■ There is great conflict in the testimony concerning the events leading up to the shooting. The evidence, however, clearly reveals that Collins did, in fact, fire two bullets in the licensed premises. Collins did not call the police when Hester and Johnson first left the premises, nor did he personally call the police after the shooting. At no time, did he render or offer to render assistance to the victim after the shooting. We believe that substantial evidence supports each of the findings of the Commissioner.

■■ The findings of the Commissioner were sufficient to justify the order of revocation. Paragraphs 112 and 149 of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43 pars. 112 and 149) empower the local liquor control commissioner to revoke a local liquor license. Paragraph 112 empowers the commissioner

"(1) to grant and or suspend for not more than thirty days or revoke for cause all local licenses issued to persons for premises within his jurisdiction * * *.

Paragraph 149 Provides:

The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions of this Act or of any valid ordinance or resolution enacted by the particular city council * * * or any applicable rule or regulations established by the local liquor control commissioner or the State commission which is not inconsistent with law."

■■ The Liquor Control Act does not define the term "cause" for revocation. The statute vests the local liquor commissioner with discretionary power which must be exercised reasonably. (*Legones v. License Appeal Commission of the City of Chicago* (1968), 100 Ill.App.2d 404, 241 N.E.2d 504.) The determination of the local commissioner should not be disturbed in the absence of a clear abuse of discretion. *Weinstein v. Daley* (1967), 85 Ill.App.2d 470, 229 N.E.2d 357.

■■ The assault with a deadly weapon of the patron by the licensee's employee was a violation of the Criminal Code of 1961 (Ill. Stat. 1967, ch. 38 par. 12—2). This along with the failure of the employee to report the altercation to the police, and the failure of the employee to attempt to offer assistance to the victim, constitutes sufficient cause for revocation. See *Daley v. Richardson* (1968), 103 Ill.App.2d 383, 243 N.E.2d 685, where the assault of a patron by a bartender was held to be sufficient cause to revoke a liquor license and *Daley v. Kilbourn Club Inc.* (1965), 64 Ill.App.2d 235, 211 N.E.2d 778 where the discharge of a gun on the

licensed premises by the bartender was held sufficient cause to revoke a liquor license.

It is also contended that the plaintiff was denied the opportunity to confront and cross-examine witnesses and that the Commissioner failed to grant a reasonable request for a continuance. We have carefully examined the record and are not in accord.

For the foregoing reasons, the judgment of the Circuit Court is reversed.

Judgment reversed.

MURPHY and ADESKO, JJ., concur.