FRANK MILLER, Plaintiff-Appellant, v. RICHARD J. DALEY, Liquor Control Commissioner, et al., Defendants-Appellees.

(No. 57170;

First District (5th Division)—August 31, 1973.

John L. White, of Chicago, (Robert K. Kelty, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan, Daniel Pascale, and Michael F. Cahill, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment affirming the revocations of plaintiff's City of Chicago retail liquor licenses for the premises located at 1445 N. Paulina and 1347 N. Paulina. Initially, this appeal was filed with the Illinois Supreme Court which transferred it to this court.

On appeal plaintiff's contentions concerning the revocation of the first license at 1445 N. Paulina are (1) the defendants failed to comply with the time requirements of section 5 of article VII of "An Act relating to alcoholic liquors" (hereinafter the Liquor Control Act) (Ill. Rev. Stat. 1969, ch. 43, par. 149) in that the order of revocation was not served upon him within five days, and (2) the provision in that section that he "shall have the privilege" of appealing within 20 days to the License Appeal Commission was directory and not mandatory so that his appeal should have been heard by the Commission even though filed 32 days later.

His contentions concerning the revocation of the second license at 1347 N. Paulina are (1) the revocation of one liquor license does not automatically revoke the other, and (2) the evidence presented to revoke the first license was insubstantial and, therefore, the findings revoking both licenses were against the manifest weight of the evidence.

The record reveals that plaintiff was the licensee of two taverns, one at 1445 N. Paulina and the other at 1347 N. Paulina. On June 12, 1970, the local liquor control commissioner made the following findings in revoking plaintiff's license at 1445 N. Paulina:

"1. On February 7, 1970, William Moore, a patron on the subject premises, was assaulted by the licensee, in front of subject premises with a deadly weapon, to-wit: a pool cue, contrary to the ordinances of the City of Chicago, Statutes of the State of Illinois and Rules of the Illinois Liquor Control Commission.

2. On February 7, 1970, following an assault in front of the subject premises, the licensee, failed to protect said patron, failed to render aid to said victim and failed to notify the police department of the above altercation."

The revocation order was served June 12, 1970, on plaintiff and he filed his appeal to the License Appeal Commission 32 days later on July 14, 1970. Defendant's motion to dismiss, grounded on the failure to appeal within 20 days, was allowed by the Commission on September 18, 1970, and plaintiff's petition for rehearing was denied by the Commission on October 6, 1970.

During the pendency of the appeal of the 1445 N. Paulina license revocation, the plaintiff received notice of a hearing on July 27, 1970, to revoke his other liquor license. Subsequently, on August 7, 1970, the local liquor control commissioner revoked his license for the premises located at 1347 N. Paulina. Its sole finding was as follows:

"That the licensee, Frank Miller, is not a fit and proper party to hold a retail liquor license in the City of Chicago by reason of the revocation of his City of Chicago Retail Liquor License by the Local Liquor Control Commission on June 12, 1970, in case No. 70 LR 93 (1445 N. Paulina)."

An appeal was taken on August 11, 1970, to the License Appeal Commission which, on September 25, 1970, sustained the order of revocation stating that the findings "are supported by substantial evidence in the light of the whole record."

A complaint was then filed in the circuit court for review of the revocation orders of both licensees under the Administrative Review Act and this appeal was taken after the trial court affirmed these orders.

OPINION

## I

We will first consider whether the defendants failed to comply with the time requirements of section 5 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1969, ch. 43, par. 149), which provides, in pertinent part, after a hearing has been held to revoke a liquor license, that:

"The local liquor control commissioner shall within 5 days after such hearing, if he determines after such hearing that the license should be revoked or suspended, state the reason or reasons for such determination in a written order of revocation or suspension and shall serve a copy of such order within the 5 days upon the licensee."

■■ In urging reversal here, plaintiff alleges that the local liquor control commissioner did not serve a copy of his decision, regarding the premises at 1445 N. Paulina, until ten days after the hearing and that the word "shall", as used in section 5 of article VII, has a "preemptory, imperative, compulsory, and mandatory meaning." With plaintiff's interpretation of the statute we are in complete accord. However, we believe the record discloses that the order of revocation was served within the five day period prescribed by the statute. A hearing was conducted on June 2, 1970, and a continuance until June 8, 1970, was granted so that a police officer could testify. On June 8, the police officer's stipulated report was received into evidence. Plaintiff contends the hearings ended on June 2 when the last witness had testified. We are of the opinion, however, that the hearings were concluded on June 8, 1970, when the officer's report was received into evidence. We find that the local liquor control commission complied with the statute when it served the order of revocation on June 12, 1970, less than five days after the hearing was concluded.

## II

The next question presented is whether the legislature intended the time requirement for appeal to the License Appeal Commission to be mandatory or merely directory. Section 5 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1969, ch. 43, par. 149), in pertinent part, provides:

"If the premises for which the license was issued are located within a city, village, or incorporated town having a population of 500,000 or more inhabitants, the licensee after the receipt of such order of suspension or revocation *shall have the privilege* within a period of 20 days after the receipt of such order of suspension or revoca-

tion of appealing the order to the local license appeal commission
* * *." (Emphasis added.)

Plaintiff alleges that the language "shall have the privilege" should be construed as being merely directory. He relies on *Carrigan v. Illinois Liquor Control Com.,* 19 Ill.2d 230, 166 N.E.2d 574, which concerned the effect of non-compliance with the requirement of section 8 of article VII of the Liquor Control Act that the State Commission "shall receive and consider such application for rehearing within twenty days from the filing thereof with the Secretary of the Commission." Ill. Stat. 1957, ch. 43, par. 154.

In *Carrigan,* the court, in holding the time limit to be directory, pointed out the general rule that a statute which specifies the time for the performance of an official duty will be considered directory unless (1) it contains negative words denying the exercise of the power after the time stated or (2) where a disregard of its provision did injuriously affect public interests or profit rights.

Here, we are not concerned with the performance of an official duty and we do not believe that *Carrigan* is controlling. The complaint filed in the trial court requested administrative review and we believe that case law interpreting the Administrative Review Act supports the view that the 20 day appeal time limit here was mandatory. In *Davis v. Wilson,* 96 Ill. App. 2d 225, 238 N.E.2d 237, it was held the requirement that an action to review a decision of the State Police Merit Board be commenced within 35 days was mandatory.

In *Johnson v. State Police Merit Board,* 99 Ill. App. 2d 458, 241 N.E.2d 468, it was held that the administrative review action was not commenced within the 35 day statutory period required by section 4 of the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 267) and that this was jurisdictional. See also *Pearce Hospital Foundation v. Illinois Public Aid Com.,* 15 Ill.2d 301, 154 N.E.2d 691, wherein the court held that a person seeking judicial review of an administrative decision must act promptly and within the time prescribed by statute.

■■ Here, plaintiff did not appeal the June 12, 1970, order revoking the first license until July 14, 1970, more than 20 days after receipt of the order. We find this time limit to be mandatory and that plaintiff's appeal to the License Appeal Commission, from the order revoking his first license, was barred.

For the reasons stated, the judgment confirming the orders revoking the license of plaintiff for the premises located at 1445 N. Paulina is affirmed.

## III

We next consider whether the finding of the Local Commissioner revoking the second license was against the manifest weight of the evidence.

Statutory authority for the local liquor control commissioner to revoke a retail liquor license is found in section 3 of article IV and section 5 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1969, ch. 43, pars. 112 and 149). Section 3 of article IV provides:

"* * * 1. To grant and or suspend for not more than thirty days or revoke for cause all local licenses issued to persons for premises within his jurisdiction; * * *."

Section 5 of article VII provides:

"The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions * * * of any valid ordinance * * * enacted by the particular city council * * *."

While the Liquor Control Act does not define the term "cause" for revocation, it is clear that the local commissioner, in the revocation of a local license, is vested with discretionary power to be exercised reasonably. *Collins v. Daley*, 131 Ill. App. 2d 108, 266 N.E.2d 453.

In its review, the License Appeal Commission considers whether (a) the commissioner proceeded in the manner provided by law; (b) the order is supported by the findings; and (c) the findings are supported by substantial evidence in the light of the whole record. Ill. Rev. Stat. 1969, ch. 43, par. 153.

■■ Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 274) provides that findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct. In *Collins*, it was held that reviewing courts are not authorized to reweigh evidence or make an independent determination of facts, but are limited to a consideration of the record to determine whether the findings of the commissioner are against the manifest weight of the evidence.

Here, the local commissioner made no finding of fact, other than his recognition of the first revocation, and he justified the second revocation solely upon the basis of the prior finding. Defendants contend that a prior revocation, in itself, is sufficient justification to revoke another liquor license held by the same person. In sole support of this position they rely upon *Legones v. License Appeal Com.*, 100 Ill.App.2d 404, 241 N.E.2d 504. We do not agree that *Legones* supports their contention. There, after one license of plaintiff had been revoked, a proceed-

ing was undertaken to revoke his second license and the local commissioner, in revoking the license, made four findings. On appeal the License Appeal Commission found that only two of the findings were "supported by substantial evidence"; one of these was the prior revocation and the other concerned an altercation in which someone "was assaulted by a deadly weapon." In the instant case there was only one finding, the prior revocation.

We note also the court in *Legones* stated, concerning the appeal from the first revocation, that "the findings and revocation * * * set forth in detail in appeal No. 52, 192, *Legones v. License Appeal Com.*, 100 Ill. App. 2d 394, 241 N.E.2d 499, provided ample 'cause' for the decision * * *" to revoke plaintiff's second license and the court then stated, "we find that this revocation was neither arbitrary nor a clear abuse of discretion." We believe that this latter finding could only follow from a review of the testimony "set forth in detail" in the first appeal.

That the appellate court reviewed the entire record in *Legones* is also apparent in the dissenting opinion from which we learn the licensee was not involved in either occurrence and that those of his employees who were present at the first revocation incident were not involved in the second.

■■ In view thereof, we believe that where a license is revoked solely because of a prior revocation, a reviewing court should examine the entire record, including the first revocation proceedings, when they are made a part of the subsequent proceedings, as they were in this case, to determine whether or not the finding revoking the second license was against the manifest weight of the evidence. It is apparent here that the License Appeal Commission did review the first record. Its order states the local commissioner's findings "are supported by substantial evidence in the light of the whole record," and the only evidence it could have reviewed was in the first record. We also believe the trial judge reviewed the entire record from his statement:

> "[I] consider the record of the case before Mr. Murphy the worst that I have ever seen used to revoke someone's license."

Accordingly, we, too, have reviewed the entire record to determine whether, as plaintiff contends, the evidence was insufficient to support the second revocation and we note the following testimony taken during the first revocation hearings.

Officer Carter testified that on February 19, 1970, he conducted a follow-up investigation concerning an altercation that was alleged to have occurred on February 7, 1970, at 1445 N. Paulina wherein the tavern owner, Frank Miller, allegedly struck William Moore with a pool cue.

He stated that he never talked to or located William Moore or one Clifton Avery who was said to have witnessed the occurrence. He said that Miller cooperated fully in answering questions and that Miller said there was no altercation inside or outside the tavern that evening.

A. D. Spicer testified that he had known Miller for about one year and that on February 7, 1970, he was at the tavern from 9:00 P.M. until 1:45 A.M. He stated that Miller was at the premises that night and there were no disturbances.

Charles Booker testified that he had been acquainted with Miller for about two years and that on February 7, 1970, he was at Miller's tavern from 6:30 P.M. until 1:30 A.M. During that time, nothing unusual took place, no one was stabbed on the premises and Miller never left with a pool cue.

Betty Spicer and Edward Wollack testified that they also were present and their answers would be substantially the same if the questions asked of the other witnesses were asked of them.

The commissioner also received into evidence, by stipulation, a report of police officer John F. Kwak which stated: On February 7, 1970, at approximately 3:00 A.M., while investigating an injured person at 1649 W. Julian, he met a Mr. Jancoe (phonetic) who stated that he was driving by and found an unnamed victim lying on the street, bleeding from what they observed to be stab wounds of the right abdomen. The victim was taken to a hospital where Clifton (presumably Clifton Avery) related that he and the victim went into the tavern at 1445 N. Paulina and bought a six-pack of beer. An argument ensued and when the victim left the tavern Miller followed the victim with a cue stick. The last thing the victim remembered was Miller hitting him in the head, and five other persons also beating him. He (Clifton presumably) said both the victim and the offender were intoxicated. No other evidence was heard with respect to plaintiff's license at 1445 N. Paulina.

The record of the second revocation hearing discloses that the alleged victim, Moore, was present to testify on behalf of the licensee, but his testimony was not accepted by the commissioner, for what reason the record does not state. An offer of proof was made in which it was stated that Moore would testify that he was not in the tavern at the time of the alleged altercation, never was assaulted by licensee and never talked to the police. The commissioner also refused to review the record of the first revocation.

It is apparent that the only testimony linking plaintiff with the alleged attack is in the report of Officer Kwak. Most of his information was obtained from Clifton Avery, a purported companion of Moore's on the

evening in question, and apparently the only witness to the occurrence, if there was one. However, neither Moore nor Avery testified at the hearings on the first revocation. The Kwak report states that the last thing Moore remembered was the plaintiff hitting him in the head and five other persons beating him. Nowhere in the record is there any direct testimony that such a disturbance, allegedly involving six persons, took place. In addition, there is nothing in the Kwak report, nor any testimony, indicating where the alleged attack occurred. The report states Moore was found in front of 1648 W. Julian, which conflicts with the commissioner's finding that Moore was assaulted in front of the plaintiff's premises located at 1445 N. Paulina. We note also that Kwak's report was hearsay and would have been inadmissible if objection had been made and, in any event, it should have been considered as having only minimal evidentiary value in the face of the direct, contradictory testimony of the witnesses.

■■ From our review of the records of both proceedings, we conclude there was insufficient evidence to revoke the second license of plaintiff and that the judgment of the circuit court, the findings of the local liquor control commissioner and of the License Appeal Commission concerning the premises at 1347 N. Paulina are against the manifest weight of the evidence.

Accordingly, the judgment affirming the revocation of plaintiff's retail liquor license for the premises at 1347 N. Paulina is reversed and this matter is remanded for the vacatur of the orders revoking said license.

Affirmed in part, reversed in part and remanded with directions.

ENGLISH and LORENZ, JJ., concur.