JOHN OCCHINO, Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

(No. 60613; )

First District (4th Division)—May 14, 1975.

Edward A. Antonietti, of Calumet City, for appellant.

William J. Scott, Attorney General, of Chicago (Ann Sheldon, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, John Occhino, filed a complaint for administrative review against the Illinois Liquor Control Commission and the Calumet City Liquor Control Commissioner, seeking a reversal of their actions in revoking his liquor license for a tavern known as the "Rumpus Room," 301 State Street, Calumet City, Illinois. The revocation was based upon the testimony of Harold Eyum at hearings before the defendants that, on

June 15, 1972, he and a friend were having a drink at plaintiff's tavern when they were asked by two female employees to purchase drinks for them. Soliciting, inducing or requesting a patron to purchase beverages for a female employee, and employing or permitting a female employee or entertainer to engage in such acts, are prohibited by State statute and local ordinance.[1]

This appeal is from an order entered by the circuit court of Cook County which sustained the revocation of plaintiff's liquor license. The trial judge found that the statute and ordinance in question are constitutional and that the revocation was not against the manifest weight of the evidence. The questions presented by plaintiff for review are:

> 1. Whether or not the statute and ordinance which permit the revocation of a liquor license for the solicitation of beverages by female employees are constitutional; and,

> 2. Whether or not there was sufficient evidence to support the revocation of his liquor license.

The first question we shall discuss is plaintiff's contention that the State statute and local ordinance which permit the revocation of a liquor license for the solicitation of beverages by female employees are unconstitutional. Plaintiff argues that these laws violate the equal protection clauses of the United States and Illinois constitutions in that they discriminate against females solely on the basis of sex without any legitimate basis.

The determination of whether a classification violates the equal protection clause was recently discussed by the United States Supreme

---

[1] The local ordinance (Ordinances of Calumet City, ch. 25 § 25—008) is substantially the same as the State statute, which provides in pertinent part as follows:

Ill. Rev. Stat. 1971, ch. 38:

"Section 26.1—2. Soliciting. No female, whether employee, entertainer or otherwise shall:

(a) Solicit, induce or request a patron to purchase any alcoholic or nonalcoholic beverage for herself or any other person not a patron; or

\* \* \*

Nothing in this Section prohibits the above activities in connection with any contact which a female may have with a patron to whom she is related by blood or marriage.

Section 26.1—4. Liquor Licensee. No liquor licensee of any licensed establishment may:

(a) Employ or permit a female to engage in any activity prohibited by Section 26.1—2 of this Act; or

\* \* \*

Section 26.1—5. Penalty. Any person convicted of violating any of the sections of this Article shall be fined not less than $50 or more than $75 for the first offense, and not less than $75 or more than $125 for each subsequent offense. Any conviction under this Article does not preclude the local and state liquor license commissioners from also revoking or suspending the license of a licensed establishment."

Court in the case of *Reed v. Reed* (1971), 404 U.S. 71, 30 L.Ed.2d 225, 92 S.Ct. 251, where the Court stated at 75-76:

"\* \* \* [T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. [Citations.] The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' "

Thus, a statute will not be found violative of the equal protection clause if the classification is reasonable and based upon a difference in the sexes that is substantially related to the object of the legislation. A classification based upon sex will suffice as a basis for legislation if that classification is based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests. *Duley v. Caterpillar Tractor Co.* (1969), 44 Ill.2d 15, 19, 253 N.E.2d 373, 375; *Gaca v. City of Chicago* (1952), 411 Ill. 146, 149, 103 N.E.2d 617, 620.

In an effort to meet this standard, the defendants argue that the legislative classification before us is a reasonable way for the State to combat the problem it was designed to alleviate. According to the defendants, solicitation by female employees has posed a more serious problem than by male employees. They argue that the experiences of the past years have not revealed any appreciable difficulties with solicitation of beverages in liquor establishments by males. There has, however, been a considerable problem with the solicitation of drinks by women. The defendants further argue that many taverns have employed women precisely for this purpose and that it is to this problem that the legislation in question is addressed.

■■ The State's police power to regulate and restrict the liquor trade is very broad and at times has been held to take precedence over fourth and first amendment rights. In *Daley v. Berzanskis* (1971), 47 Ill.2d 395, 269 N.E.2d 716 *cert. denied* (1971), 402 U.S. 999, stolen property was recovered in a warrantless search of the basement of a licensed tavern. The court ruled that the merchandise/property was properly admitted in the license revocation hearing and stated at page 398:

"\* \* \* The business of selling liquor is attended with danger to the community and is a recognized subject for regulation by the police power of the State. There is no inherent right to carry it

on and it may be entirely prohibited. The manner and extent of its regulation, if permitted to be carried on at all, are to be determined by the State, so as to limit, as far as possible, the evils arising from it.' (256 Ill. at 106.) Because the business of selling liquor is closely related to certain evils in society, it is subject to any regulation which has any substantial relation to the public health, comfort, safety or welfare. 'It is axiomatic that the legislative judgment as to what the public welfare requires is not open to judicial dispute so long as that judgment is not exercised in such an arbitrary, oppressive and unreasonable manner as to constitute a deprivation of due process of law. The legislature's discretion is broad, and its determinations may not be overturned because a court may think them unwise or inappropriate.' (44 Ill.2d at 158.)"

The United States Supreme Court, in the recent case of *California v. La Rue* (1972), 409 U.S. 109, 34 L.Ed.2d 342, 93 S.Ct. 390, upheld a statute prohibiting explicitly sexual live entertainment and films in licensed bars against a claim of the violation of freedom of expression under the first amendment. The Court considered the constitutional chal-: lenge in the context of licensing bars and nightclubs to sell liquor rather than censoring a dramatic performance in a theatre. Citing from the case of *Joseph E. Seagram & Sons v. Hostetter* (1966), 384 U.S. 35, 16 L.Ed.2d 336, 86 S.Ct. 1254, the Court stated:

" 'Consideration of any state law regulating intoxicating beverages must begin with the Twenty-first Amendment, the second section of which provides that: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." ' " (409 U.S. 109, 114, 34 L.Ed.2d 342, 349.)

The Court, concluding that the State had the power to promulgate such a regulation, continued:

"While the States' vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals." 409 U.S. 109, 114, 34 L.Ed.2d 342, 349-350.

Moreover, the Court acknowledged that legislation need not address itself to all phases of a problem at one time in *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 99 L.Ed. 563, 75 S.Ct. 461. An Oklahoma statute which regulated opticians for exempted sellers of

ready-to-wear glasses was upheld against a challenge based upon the equal protection clause. The Court stated:

> "Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. *Tigner v. Texas*, 310 U.S. 141. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. *Semler v. [Oregon State] Dental Examiners*, 294 U.S. 608. The legislature may select one phase of one field and apply a remedy there, neglecting the others. [Citation.]" 348 U.S. 483, 489, 99 L.Ed 563, 573.

■■ In the present case, the legislation was directed at solicitation by females rather than males in establishments licensed to sell alcoholic beverages. In our opinion, this classification reflects the judgment of the legislature that solicitation of beverages has been a greater problem with respect to female employees than men. In view of the broad power of the State to regulate the operations of liquor licensees, we hold that the State statute and local ordinance upon which the revocation of plaintiff's liquor license is based are not violative of the equal protection clauses of the United States and Illinois constitutions.

Plaintiff argues that the revocation of his liquor license should be reversed, relying upon a decision rendered by the Federal District Court in *Daugherty v. Daley* (N.D. Ill. 1974), 370 F.Supp. 338. In *Daugherty*, these sections were held unconstitutional (and their enforcement was permanently enjoined on the grounds that they were discriminatory on their face, overbroad and vague). However, the court stated:

> "We do not have here the question of the authority of the State to impose reasonable controls upon employee solicitations or the inducing of patrons to buy drinks, or even to ban solicitation entirely."

Moreover, we are not bound to follow decisions by Federal courts other than the United States Supreme Court. In *Corbett v. Devon Bank* (1973), 12 Ill.App.3d 559, 567, 299 N.E.2d 521, 525, this court stated as follows:

> "As a general proposition, this court is obliged to follow decisions of the Supreme Court of Illinois and of the United States Supreme Court. (*Hensley v. Hensley*, 62 Ill.App.2d 252, 259, 210 N.E.2d 568.) Both of these tribunals exercise appellate jurisdiction over the Appellate Court of Illinois. Quite to the contrary, since decisions of this court are not subject to review by federal courts other than the United States Supreme Court, by courts of any state other than Illinois, or by the appellate courts of other districts in the State of Illinois, we are not bound to follow the decisions of these other tribunals. (See *People v. Battiste*, 133

Ill.App.2d 62, 272 N.E.2d 808, citing *United States ex rel. Lawrence v. Woods* (7th cir. 1970), 432 F.2d 1072, 1075.)"

In view of the foregoing, we affirm the finding of the trial court and hold that the statute and ordinance which permit the revocation of a liquor license for solicitation by female employees do not violate the equal protection clause of the United States and Illinois constitutions.

Secondly, plaintiff argues that there was insufficient evidence to support the revocation of his liquor license. He does not challenge the veracity of the witness' testimony at the hearing that he was solicited to purchase drinks by two female employees of plaintiff's tavern. Instead, plaintiff urges that the cause should be reversed on the ground that there is no evidence that the parties involved in the alleged illegal activity were not related "by blood or marriage."

It is quite true that the statute prohibiting solicitation by female employees provides an exemption for relatives. However, the record reveals that plaintiff did not attempt to establish a relationship between the parties at the hearing before the commissioner. Plaintiff was represented by counsel who argued the possible defense of relationship but did not ask this question of the witness. Plaintiff still does not allege that the parties are in fact related. Since plaintiff was aware of this defense and had an opportunity to prove its existence if possible, we think the finder of fact was justified in concluding that the parties were not related to each other by blood or marriage.

■■ In reviewing the revocation of a liquor license, we are not authorized to make an independent determination of the facts. (*Collins v. Daley* (1970), 131 Ill.App.2d 108, 111, 266 N.E.2d 453, 455; *Daley v. Perez* (1967), 81 Ill.App.2d 478, 481, 226 N.E.2d 676, 678.) If the findings of the commissioner are supported by substantial evidence and are not arbitrary, his decision will not be disturbed on review. (*Golden Egg Club, Inc. v. Illinois Liquor Control Com.* (1970), 124 Ill.App.2d 241, 260 N.E.2d 329; *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill.App.2d 264, 254 N.E.2d 814.) In this case, the plaintiff introduced no evidence that the parties are related by blood or marriage and we, therefore, cannot say that the decision of the commissioner was against the manifest weight of the evidence.

In view of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.