EL SAUZ, INC., d/b/a El Gato Negro, Plaintiff-Appellant, v. RICHARD M. DALEY, as Mayor of the City of Chicago and Local Liquor Control Commissioner, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—00—3721

Opinion filed February 20, 2002.—Rehearing denied March 26, 2002.

Barry H. Greenberg, of Law Firm of Barry H. Greenberg, of Chicago, for appellant.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal,

Benna Ruth Solomon, and Valerie Quinn, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE HALL delivered the opinion of the court:

The plaintiff, El Sauz, Inc., doing business as El Gato Negro, filed a complaint for administrative review seeking review of an order of suspension issued by the Local Liquor Control Commission of the City of Chicago. The defendants filed a motion to dismiss the complaint for lack of jurisdiction. The circuit court granted the motion. The plaintiff appeals from the order of dismissal.

On appeal, the plaintiff raises the following issues: (1) whether the defendants waived their jurisdictional challenge to the plaintiff's complaint; (2) whether the License Appeal Commission had jurisdiction to rule on the plaintiff's petition for rehearing; (3) whether the plaintiff was statutorily entitled to service of the License Appeal Commission's order by certified mail; and (4) whether section 3—13 of the Liquor Control Act of 1934 (235 ILCS 5/1—1 et seq. (West 1998)) (Liquor Act) denies the plaintiff its constitutional rights to due process and equal protection.

## Procedural History

On September 1, 1998, following a hearing, the Local Liquor Control Commission (LLCC) ordered a 30-day suspension of the plaintiff's liquor license based on its finding that the purchase of a controlled substance had been permitted on the plaintiff's premises. The plaintiff timely filed its notice of appeal to the License Appeal Commission (LAC). On March 15, 1999, the LAC issued its order affirming the findings of the LLCC and the imposition of the 30-day suspension penalty. Accompanying the order was the certification by a staff assistant that the order was mailed on March 15, 1999, addressed to the attorney of record.

On April 15, 1999, the plaintiff filed a petition for rehearing with the LAC. Anticipating a jurisdictional challenge because the petition was not filed within 20 days of the LAC's order (see 235 ILCS 5/7—10 (West 1998)), the plaintiff alleged that it never received a copy of the order and that its attorney did not receive a copy of the March 15, 1999, order within the 20-day period. The plaintiff further alleged that the order, which was served by regular mail, was required to be served by certified or registered mail as provided for in the Illinois Administrative Procedure Act (the Procedure Act) (5 ILCS 100/10—50 (West 1998)). The petition was supported by the affidavit of the plaintiff's president, Geraldine Lambert. After the filing of the petition, the plaintiff submitted the affidavit of its attorney. In his affidavit, the attorney stated that oral arguments in this case were held on March 8,

1999. Thereafter, he was out of town from March 17 through March 21, 1999, and from March 23 through April 9, 1999. When he returned to his office on April 9, 1999, the LAC's order was included in the mail that had been delivered while he was out of town.

On April 16, 1999, the LLCC filed a motion to dismiss the plaintiff's petition for rehearing. The LLCC alleged that the 20-day period for filing the petition for rehearing was jurisdictional. The LLCC further alleged that notice of the March 15, 1999, order was properly served by regular mail, since the Procedure Act did not apply to the procedures followed by the LAC.

On January 26, 2000, the LAC issued a corrected order denying the LLCC's motion to dismiss the petition for rehearing. The LAC determined that the Procedure Act was applicable to the LAC procedures and, therefore, service of the March 15, 1999, order by regular mail did not comply with the Procedure Act. As a result, the LAC concluded that the plaintiff's petition for rehearing had been timely filed. On January 28, 2000, the LLCC filed a petition for rehearing, which was denied by the LAC on January 31, 2000. After a hearing on the merits of the plaintiff's petition for rehearing, on March 17, 2000, the LAC issued a corrected order denying the plaintiff's petition for rehearing.

On April 4, 2000, the plaintiff filed its complaint for administrative review seeking reversal of the LAC's order affirming the LLCC's findings and the imposition of the 30-day suspension of its liquor license.

On May 9, 2000, the defendants filed a motion to dismiss the complaint for lack of jurisdiction. The motion alleged the same jurisdictional arguments that the LLCC had raised in its motion to dismiss and its petition for rehearing before the LAC. The motion to dismiss asserted that since the plaintiff was required to file a petition for rehearing before it could seek review of the LAC's order (see 235 ILCS 5/7—10 (West 1998)), its untimely filing of its petition for rehearing deprived the LAC of jurisdiction to act on the petition for rehearing and, therefore, the circuit court was without jurisdiction to hear the complaint.

On June 15, 2000, the plaintiff filed a response to the motion to dismiss. In its response, the plaintiff pointed out that the defendants did not file for administrative review of the LAC's order denying their petition for rehearing as required by section 3—103 of the Administrative Review Law (Review Act) (735 ILCS 5/3—103 (West 1998)) and thus waived review of the LAC's denial of its motion to dismiss. Therefore, the plaintiff argued that the defendants' motion to dismiss constituted an impermissible collateral attack on the LAC's order.

On July 28, 2000, the circuit court issued a written opinion granting the defendants' motion to dismiss. The plaintiff filed a motion for reconsideration and rehearing on August 25, 2000. The circuit court denied the motion on October 23, 2000. The plaintiff filed a timely notice of appeal on October 27, 2000.

## ANALYSIS

### I. Whether the Defendants Waived Their Right to Raise the Issue of Jurisdiction Before the Circuit Court.

The material in this section is nonpublishable pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23).

### II. Whether the LAC had Jurisdiction of the Plaintiff's Petition for Rehearing.

#### A. Standard of Review

■ Review of an agency's legal conclusions is *de novo*. *Stillo v. State Retirement Systems*, 305 Ill. App. 3d 1003, 1007, 714 N.E.2d 11, 14 (1999). However, findings and conclusions of fact are held to be *prima facie* true and correct and will not be disturbed on review unless they are against the manifest weight of the evidence. *Stillo*, 305 Ill. App. 3d at 1006, 714 N.E.2d at 14.

#### B. Discussion

■ Section 7—10 of the Liquor Act provides in pertinent part as follows:

> "Within 20 days after the service of any rule, regulation, order or decision of said commission upon any party to the proceeding, such party may apply for a rehearing in respect to any matters determined by said commission. *** No action for the judicial review of any decision of said commission shall be allowed unless the party commencing such action has first filed an application for a rehearing and the commission has acted upon said application." 235 ILCS 5/7—10 (West 1998).

We will first address whether the plaintiff was required to file its petition for rehearing before the LAC within 20 days afer service of the LAC's decision. Our research has revealed no case which deals specifically with this provision of section 7—10.

In an analogous case, *Miller v. Daley*, 14 Ill. App. 3d 394, 302 N.E.2d 347 (1973), the court was asked to determine whether the legislature intended the time requirement for an appeal to the LAC set forth in the Liquor Act to be mandatory or merely directory. The statutory provision stated in pertinent part as follows:

> "[T]he licensee shall have the privilege, within a period of 20 days

after the receipt of such order of fine, suspension or revocation, of appealing the order to the local license appeal commission ***." 235 ILCS 5/7—5 (West 1998) (formerly Ill. Rev. Stat. 1991, ch. 43, par. 149).

The *Miller* court rejected the plaintiff's argument that the language "shall have the privilege" should be construed as directory. The court distinguished *Carrigan v. Illinois Liquor Control Comm'n*, 19 Ill. 2d 230, 166 N.E.2d 574 (1960), on the basis that *Carrigan* involved the performance of an official duty. See *Carrigan*, 19 Ill. 2d 230, 166 N.E.2d 574 (time period within which the LAC must act on the appeal directory); but see *Johnkol, Inc. v. License Appeal Comm'n*, 42 Ill. 2d 377, 247 N.E.2d 901 (1969) (time period mandatory where the licensee could show injury for the LAC's failure to act within the statutory period).

Instead, because the complaint requested administrative review, the *Miller* court relied on the case law interpreting the Review Act. The court noted that the Review Act's provision that an administrative review action be commenced within 35 days had been held to be jurisdictional. *Miller*, 14 Ill. App. 3d at 398, 302 N.E.2d at 350. The court concluded therefore that the 20-day time limit for filing an appeal to the LAC was likewise mandatory. *Miller*, 14 Ill. App. 3d at 398, 302 N.E.2d at 350.

■ Like *Miller*, the case before us does not involve the performance of an official duty, since the filing of the petition for rehearing is performed by the party. While the statutory provision at issue does not use the word "shall," we are of the opinion that the 20-day requirement of section 7—10 is also mandatory.

Section 1—2 of the Liquor Act states that the Liquor Act is to be liberally construed to protect the welfare of the people. 235 ILCS 5/1—2 (West 1998). Under the Liquor Act, if a petition for rehearing is filed, "the licensee shall continue the operation of the licensed business until the denial of the application or, if the rehearing is granted, until the decision on rehearing." 235 ILCS 5/7—9 (West 1998) (provisions of section 7—9 relative to appeals before and from the State Commission are applicable to the appeals before and from the LAC).

Construing the 20-day period for filing a petition for rehearing from the LAC's decision as mandatory prevents the licensee from delaying the final determination of its license to operate, which would not protect the welfare of the people. Moreover, the licensee would not be injured by such a construction, since filing the petition for rehearing within the time set forth in section 7—9 would permit the continued operation of the licensee's business without interruption. See *Sip & Save Liquors, Inc. v. Daley*, 275 Ill. App. 3d 1009, 1018, 657

N.E.2d 1, 7 (1995) (failure to act did not result in the loss of jurisdiction, even though the word "shall" was used where the late revocation order would not serve the welfare of the people. The licensee continued to run his business until the license was revoked, and the Liquor Act did not provide that jurisdiction was lost).

Therefore, we conclude that the 20-day period in section 7—10 for filing a petition for rehearing from a decision of the LAC is mandatory. Therefore, the LAC has no jurisdiction to consider a petition for rehearing filed beyond the 20-day period.

There is no dispute that the plaintiff filed its petition for rehearing more than 20 days after service of the decision. Moreover, the plaintiff acknowledges that, under the Review Act, service of the decision is deemed complete when the notice is deposited in the mails (see 735 ILCS 5/3—103 (West 1998)) and does not dispute that notice of the decision was mailed on March 15, 1999. The plaintiff argues that the LAC's finding of fact, that the notice of its decision was not timely received by the plaintiff, was not against the manifest weight of the evidence. The plaintiff further argues that since the notice was not timely, the time constraints of the Liquor Act and the Review Act do not apply.

The affidavit of the plaintiff's attorney does not support the LAC's finding that service of the notice of its decision was not timely. The affidavit stated that the attorney was out of town for two separate periods: March 17 through March 21, 1999, and from March 23 through April 9, 1999. The affidavit then stated that the LAC's decision was in the mail that was delivered to his office while he was out of town and that he saw the order for the first time on April 9, 1999.

Based on the affidavit, the plaintiff argues that since the notice, which was mailed on March 15, 1999, was not received by the attorney by the time he left on March 17, 1999, and still had not been received when he returned and again left town, something had obviously gone awry in the postal service, making it a question of fact for the LAC to resolve. See *Thompson v. Bernardi*, 112 Ill. App. 3d 721, 445 N.E.2d 1321 (1983) (plaintiff can rebut presumption of receipt by denying receipt of the notice, and receipt then becomes a question to be resolved by the trier of fact).

In this case, the certificate of mailing stated that notice of the LAC's decision was mailed to the plaintiff's attorney of record on March 15, 1999, giving the plaintiff until April 4, 1999, to file its petition for rehearing. The plaintiff denied receiving the notice until April 9, 1999. The only relevant evidence the plaintiff offered on the issue of

the receipt of the decision was the affidavit of its attorney.[1] However, nowhere in the attorney's affidavit did he state that he examined his mail upon his return from the first trip and failed to find the notice. He merely stated that the first time he saw the notice was on April 9, 1999. Further, his affidavit makes it clear that the notice was delivered while he was out of town, which was during most of the 20-day period. Nothing in the affidavit supports the LAC's finding that the notice of its decision was delivered after the 20-day period expired, and therefore, its conclusion that the notice of the decision was untimely is against the manifest weight of the evidence.

We conclude that the LAC's factual finding that service of its decision on the plaintiff was untimely was against the manifest weight of the evidence. We further conclude that since the plaintiff's petition for rehearing was filed after the expiration of the mandatory 20-day period for the filing of a petition for rehearing, the LAC was without jurisdiction to consider the petition.

## III. Whether the Plaintiff was Statutorily Entitled to Service of the LAC's Decision by Certified Mail.

### A. Standard of Review

■ Interpretation of a statute is reviewed *de novo. In re Marriage of Wiseman*, 316 Ill. App. 3d 631, 635, 737 N.E.2d 325, 329 (2000).

### B. Discussion

■ The plaintiff contends that since the Liquor Act adopted the provisions of the Procedure Act, it was entitled to service of the LAC's decision by certified mail. The plaintiff relies on the following provision of the Liquor Act:

"The provisions of 'The Illinois Administrative Procedure Act', as now or hereafter amended, are hereby expressly adopted and incorporated herein as though a part of this Act, and shall apply to all administrative rules and procedures of the State commission under this Act." 235 ILCS 5/3—13 (West 1998).

Section 10—50 of the Procedure Act provides in pertinent part as follows:

"Parties or their agents appointed to receive service of process

---

[1]The plaintiff also filed the affidavit of its president, Geraldine Lambert. However, the fact that Ms. Lambert did not know about the decision until after April 8, 1999, is not persuasive since the rule provides that service of the notice can be on the attorney of record. In addition, although the petition for rehearing states that the plaintiff's attorney told Ms. Lambert that he did not receive the LAC's decision within the 20-day period, that fact is not supported by the attorney's own affidavit.

shall be notified either personally or by registered or certified mail of any decision or order." 5 ILCS 5/10—50 (West 1998).

In *Laristos, Inc. v. City of Chicago License Appeal Comm'n*, 309 Ill. App. 3d 59, 722 N.E.2d 690 (1999), this court held that the Procedure Act does not apply to appeals from LAC decisions. The plaintiff in that case argued that, although section 3—13 of the Liquor Act referred only to the state commission, the Procedure Act applies to "every agency as defined [therein]" other than units of local government. 5 ILCS 100/1—5(a), 1—20 (West 1996). However this court determined that, while the LAC was an "agency," it was also a unit of local government, and therefore, the Procedure Act, by its own terms, did not apply. *Laristos*, 309 Ill. App. 3d at 64, 722 N.E.2d at 693.

■ While acknowledging the decision in *Laristos*, the plaintiff argues that the *Laristos* court did not address the provisions of sections 7—9 and 7—10 of the Liquor Act. Section 7—9 provides in pertinent part as follows:

"In cities, villages and incorporated towns having a population of 500,000 or more inhabitants, appeals from any order or action shall lie to the license appeal commission of such city, village or incorporated town. All of the provisions of this Section and Section 7—10 relative to proceedings upon appeals before the State Commission and relative to appeals from the decisions of the State Commission shall apply also to proceedings upon appeals before any license appeal commission and appeals from the decisions of license appeal commission." 235 ILCS 5/7—9 (West 1998).

The plaintiff argues that the above language clearly indicates that the provisions governing the appeals before and from the state commission and the LAC shall be the same.

■ Section 7—10 of the Liquor Act provides in pertinent part as follows:

"A copy of the rule, regulation, order or decision of the State commission or the license appeal commission, in any proceeding before it, certified under seal of said commission, shall be served upon each party of record to the proceeding before the commission and service upon any attorney of record for any such party shall be deemed service upon such party. Each party appearing before said commission shall enter his appearance and indicate to the commission his address for the service of a copy of any rule, regulation, order, decision or notice and the mailing of a copy of any rule, regulation or order of said commission or of any notice by said commission, in said proceeding, to said party at such address shall be deemed service thereof on such party." 235 ILCS 5/7—10 (West 1998).

The plaintiff reasons that if the state commission is required by

the Procedure Act to serve section 7—10 notices personally or by certified or registered mail, then under the language of section 7—9, the LAC is required to do so as well.

The defendants respond that the plain language of section 3—13 of the Liquor Act limits the application of the Procedure Act to the state commission. Therefore, the LAC is bound by the provisions of sections 7—9 and 7—10 but not by section 3—13.

■ Section 7—10 does not require service by certified or registered mail. It is the notice provisions of section 7—10 which are applicable to both the state commission and the LAC, not the provisions of section 3—13, which, by its own terms, are clearly applicable only to the state commission.

We conclude that the plaintiff was not entitled to service of the LAC's decision by certified mail or registered mail.

## IV. Whether Due Process and Equal Protection Require That the LAC Comply with the Same Service Requirements as the State Commission.

### A. Standard of Review

■ A reviewing court applies a *de novo* standard of review to a circuit court's decision with respect to the constitutionality of a statute. *Kaufman, Litwin & Feinstein v. Edgar*, 301 Ill. App. 3d 826, 830, 704 N.E.2d 756, 760 (1998).[2]

### B. Discussion

### 1. Due Process

■ A fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 432, 551 N.E.2d 640, 648 (1990). Due process does not require useless formality in the giving of notice, requiring only reasonable assurance that notice will actually be given and the person whose rights are to be affected will be given a reasonable time to appear and defend. *Stratton*, 133 Ill. 2d at 432-33, 551 N.E.2d at 648. There must be an

---

[2]The constitutional issues were not raised before the circuit court, although the issues were alluded to before the LAC. This court is not bound by the principle of waiver, and in the interests of a just result, we elect to address the constitutional issues. See *American Federation of State, County & Municipal Employees, Council 31 v. County of Cook*, 145 Ill. 2d 475, 584 N.E.2d 116 (1991).

opportunity, at a meaningful time and in a meaningful manner, for a hearing appropriate for the nature of the case. *Stratton*, 133 Ill. 2d at 433, 551 N.E.2d at 648.

■ Procedural due process in an administrative setting does not always require application of the judicial model, and in fact, not all procedures are appropriate in administrative proceedings. *Stratton*, 133 Ill. 2d at 433, 551 N.E.2d at 648. The procedural safeguards mandated by due process in a particular case vary, depending upon: (1) the significance of the private interest that will be affected by the official action, (2) the risk of the erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the significance of the state interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural safeguards would entail. *Stratton*, 133 Ill. 2d at 433, 551 N.E.2d at 648.

In *Guerrero v. Ryan*, 272 Ill. App. 3d 945, 651 N.E.2d 586 (1995), this court rejected the plaintiff's argument that due process required that notice of the suspension of his driver's license be made by certified mail. The court noted that the United States Supreme Court has repeatedly held that " 'mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.' " *Guerrero*, 272 Ill. App. 3d at 949, 651 N.E.2d at 589, quoting *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490, 99 L. Ed. 2d 565, 578, 108 S. Ct. 1340, 1347 (1988). The court further noted that Illinois courts have also deemed the use of regular mail sufficient means for providing notice to creditors (*Elmhurst Stamping & Manufacturing Co. v. Amax Plating, Inc.*, 67 Ill. App. 3d 257, 384 N.E.2d 839 (1978)) and for providing notice of pending police action to abate a nuisance (*Village of Bensenville v. Botu, Inc.*, 39 Ill. App. 3d 634, 637, 350 N.E.2d 239 (1976)). *Guerrero*, 272 Ill. App. 3d at 949, 651 N.E.2d at 589.

The plaintiff argues that *Guerrero* is distinguishable because the plaintiff in that case had failed to comply with the requirement that he notify the Secretary of State when he moved. However, the plaintiff in the present case was equally remiss by failing to insure that the notice would not lie unopened in its attorney's office.

■ The central question is whether notification by regular mail is reasonably calculated to provide actual notice. See *Dusenbery v. United States*, 534 U.S. 161, 168, 151 L. Ed. 2d 597, 605, 122 S. Ct. 694, 700 (2002) (due process clause requires only that the government's effort be "reasonably calculated" to apprise a party of the pendency of the action). In this case, but for the attorney's absence, the plaintiff would

have been aware of the receipt of the LAC's decision and could have filed a timely petition for rehearing. The plaintiff suggests that 20 days is a relatively short period of time within which to provide notice. However, 20 days would have been more than enough time for the plaintiff to file its petition for rehearing, but for the fact that its attorney absented himself for the majority of the 20-day period, knowing that a decision from the LAC would be forthcoming but without providing for his mail to be checked for receipt of the LAC's decision. See *Stratton*, 133 Ill. 2d at 433, 551 N.E.2d at 648 (two days' notice was sufficient time to prepare for a hearing where the plaintiffs were aware of the facts that led to their son's expulsion from school).

Since service of the LAC's decision in this case by regular mail was reasonably calculated to provide the plaintiff with actual notice, we conclude that section 3—13 of the Liquor Act does not deny the plaintiff due process.

## 2. Equal Protection

■■ A denial of equal protection is an arbitrary and invidious discrimination that results when government withholds from a person or class of persons a right, benefit, or privilege without a reasonable basis for the governmental action. *Chicago National League Ball Club, Inc. v. Thompson*, 108 Ill. 2d 357, 367, 483 N.E.2d 1245, 1250 (1985). It is well established that unless an enactment impinges on a fundamental personal right or is drawn upon an inherently suspect classification, it is presumptively valid, and it will survive constitutional scrutiny if it is rationally related to a legitimate governmental purpose. *Triple A Services, Inc. v. Rice*, 131 Ill. 2d 217, 225-26, 545 N.E.2d 706, 709 (1989).

■■ The plaintiff contends that its rights to adequate notice and judicial review of administrative decisions are fundamental due process rights. However, as our supreme court noted in *McLean v. Department of Revenue*, 184 Ill. 2d 341, 704 N.E.2d 352 (1998), due process does not require a state to provide a system of appeals. The right of judicial review in cases such as the plaintiff's arises not from a constitutional right but from a statutory right provided for in the Review Act. See *McLean*, 184 Ill. 2d at 354-55, 704 N.E.2d at 359. Therefore, the plaintiff's equal protection challenge to section 3—13 of the Liquor Act will be conducted under the rational basis test. See *McLean*, 184 Ill. 2d at 355, 704 N.E.2d at 359 (review of the constitutionality of the bond provisions of the Review Act and the Retailers' Occupation Tax Act (35 ILCS 120/1 *et seq.* (West 1996)) conducted under the rational basis standard).

As a rule, under the rational basis test, if any set of facts can rea-

sonably be conceived to justify the legislative provision challenged, it must be upheld. *McLean*, 184 Ill. 2d at 355, 704 N.E.2d at 359. That is, the statute in question need only be rationally related to a legitimate state goal to be validated. *McLean*, 184 Ill. 2d at 355, 704 N.E.2d at 359.

Differentiating the City of Chicago from all other Illinois cities is neither a new practice nor an invalid one. *Des Plaines Firemen's Ass'n v. City of Des Plaines*, 267 Ill. App. 3d 920, 928, 642 N.E.2d 732 (1994). Population classifications distinguishing Chicago from other cities are presumed valid and will be voided only when clearly arbitrary. *Des Plaines Firemen's Ass'n*, 267 Ill. App. 3d at 928, 642 N.E.2d at 737. Any such classification must be reasonable and based upon rational differences of condition among the classified municipalities. *Des Plaines Firemen's Ass'n*, 267 Ill. App. 3d at 928, 642 N.E.2d at 737-38. The burden of demonstrating the unreasonableness or arbitrariness of the classification lies with the person attacking its validity, and reasonable doubts are to be resolved in favor of upholding the validity of the legislation creating the classification. *Des Plaines Firemen's Ass'n*, 267 Ill. App. 3d at 928, 642 N.E.2d at 738.

The plaintiff relies on *Johnkol, Inc.* In that case, the plaintiff argued that a recent amendment to the Liquor Act which allowed licensees who appealed to the state commission to remain open pending a decision by the reviewing agency but denied the same privilege to licensees whose appeals were heard by the LAC was unconstitutional.

The supreme court agreed, stating that it was unable to find any rational basis for the difference in treatment of licensees based upon population, since compliance with the applicable statutes, the aim of the sanction, was equally to be desired of all licensees throughout the state, regardless of the population of the city in which their premises were located. *Johnkol, Inc.*, 42 Ill. 2d at 381, 247 N.E.2d at 903.

*Johnkol, Inc.* is distinguishable from the present case. As the supreme court noted in that case, there was simply no basis for imposing a sanction based upon population rather than upon the misconduct. The difference was created by the legislature and was not one inherent in the location to which the law applied. *Johnkol, Inc.*, 42 Ill. 2d at 382, 247 N.E.2d at 903-04. However, in the case before us, the differing service requirements are reflective of the differences between mail service in the City of Chicago and other municipalities.

The legislature is generally given great flexibility in addressing the different needs throughout the state. *Cutinello v. Whitley*, 161 Ill. 2d 409, 421, 641 N.E.2d 360, 365 (1994). Classification, an inevitable consequence of this flexibility, " ' "requires that some persons who

have an almost equally strong claim to favored treatment be placed on different sides of the line, and the fact [that] the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration." ' [Citations.]" *Cutinello*, 161 Ill. 2d at 421, 641 N.E.2d at 365.

■ In this case, we may presume that the legislature, prior to making the classification in this case, took into consideration mail service, both in the City of Chicago and the rest of the state, when it determined not to require the LAC to serve its notices by certified mail. See *People v. Palkes*, 52 Ill. 2d 472, 478, 288 N.E.2d 469, 473 (1972) (presumption exists that the legislature investigated and was aware of the problems peculiar to the City of Chicago before making the complained-of classification). Our supreme court has also recognized that the fact that the City of Chicago is more densely populated than any other city in the state can be the basis for creating a classification that may apply only to that city. See *Palkes*, 52 Ill. 2d at 479, 288 N.E.2d at 473 (legislature justified in creating classifications in police regulations that apply only to the City of Chicago based on its population).

As the defendants suggest, the legislature legitimately could have concluded that, in a unified and geographically compact area such as the City of Chicago, service by regular mail would be sufficient to ensure timely receipt of notices without consuming too much of the LAC's time and resources. However, throughout the rest of Illinois, where the licensees and municipalities are diverse and far-flung, the legislature could well have decided that the use of certified mail, despite its extra burden on the state commission, would be necessary to perfect service.

We may also presume that the legislature surveyed the conditions existing in the population centers of this state and pursued the various means available to the General Assembly, not available to this court, in informing itself of these conditions, before enacting a classification based upon population. *Palkes*, 52 Ill. 2d at 477, 288 N.E.2d at 472.

Finally, as the defendants point out, the court in *Laristos* held that the Procedure Act was not applicable to the LAC because the LAC was a unit of local government, not because of a geographical distinction.

The plaintiff has offered nothing which proves that the classification in this case is unreasonable and arbitrary other than the fact that, unlike those licensees who appeal to the state commission, it is not entitled to receive notices from the LAC via registered or certified mail. Given the presumption of the validity of the classification, the

plaintiff has failed to carry its burden of proving either the unreasonableness or the arbitrariness of the legislature's decision not to require the LAC to serve its notices by registered or certified mail.

We conclude that the section 3—13 of the Liquor Act does not deny equal protection to the plaintiff.

The judgment of the circuit court of Cook County is affirmed.

Affirmed

CERDA and SOUTH, JJ., concur.