SIXTH DIVISION 

January 24, 2003

No. 1-01-2866

SIGFRIED GARDZIELLA,

Plaintiff-Appellant, 

v.

THE CITY OF CHICAGO, a Municipal Corporation,      

Defendant-Appellee. 

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Nancy Drew Sheehan,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff Sigfried Gardziella filed a 
pro
 
se
 complaint in the trial court to obtain administrative review of a decision of the City of Chicago department of administrative hearings pursuant to the Administrative Review Law (735 ILCS 5/3-101 
et
 
seq.
 (West 2000)).  Defendant City of Chicago
 department of buildings had obtained a default judgment of $19,550 on its complaint for building code violations on plaintiff's property, a two-unit residence.  An administrative law officer (ALO) refused to set aside the default because plaintiff's motion to set aside the default was not filed within 21 days of the issuance of the order of default as required by section 2-14-108 of the Chicago Municipal Code (Chicago Municipal Code §2-14-108 (1998)).  Plaintiff filed a 
pro
 
se
 complaint for administrative review, which
 was amended by counsel.  The circuit court confirmed, finding plaintiff's motion to set aside the order was untimely.

On appeal, plaintiff contends that the trial court erred in dismissing his complaint under section 2-14-108 because his petition set forth lack of notice and service of process.  Plaintiff argues that he has been unable to establish his claim of lack of notice of the proceeding, and he was denied due process because he was not afforded a hearing or timely notice of default.

Mary Ann DiVito, an employee of defendant, filed a certification pursuant to section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2000)) that she served a violation notice, summons and report form to plaintiff at 4713 North Drake Avenue by placing the documents in a sealed envelope with proper postage and depositing them in the United States mail on December 13, 1999.  The documents stated that a hearing "will be held 12/27/99" at 1:30 p.m. in room 0114, 400 West Superior Street and contained a telephone number to call, "[i]f you have any questions concerning these violations."  

On December 27, 1999, plaintiff did not appear.  The presiding ALO stated that proof of service on plaintiff on December 13 in the file was true and correct and defendant had made a 
prima 
 
facie
 case.  The ALO found plaintiff in default and liable at $500 a count for 39 counts and $50 costs, a total of $19,550.

Plaintiff filed a 
pro
 
se
 motion on January 24, 2000, to set aside the December 27, 1999, default stating he did not receive notice of the hearing or list of violations.  This motion was set for 12 noon on February 7, 2000.  When plaintiff did not appear by 4:55 p.m., the ALO found no good cause was shown and denied the motion to set aside the default.

On February 14, 2000, plaintiff filed a 
pro
 
se
 motion to set aside the February 7, 2000, order.  The motion was set for a hearing on February 28, 2000.  Plaintiff appeared 
pro
 
se
.
  He stated he thought February 20 was the date apparently for a hearing on his January 24 motion.  He came on February 14 and was told the hearing was already held on February 7.  Plaintiff did not explain why he did come in February 14 or why he thought February 20 was the date.  The ALO, after saying he reviewed the evidence, found the February 14 motion to set aside was not timely filed within 21 days of the original default and, therefore, denied plaintiff's motion.  

Plaintiff, 
pro
 
se
, sought administrative review.  The record contains a statement by plaintiff filed July 5, 2000, setting forth his position.  He obtained counsel, who twice amended the 
pro
 
se
 complaint.  Plaintiff's complaint for administrative review was denied on July 2, 2001.  The trial court found no basis to vacate the February 28, 2000, order because it was not brought before the agency in a timely fashion.

Plaintiff first contends his motion to vacate was improperly dismissed on the basis of untimeliness.  He argues he set forth both his lack of notice and the lack of proper service of process.  He also argues he was denied a hearing.

Defendant responds that there was no good cause to set aside the December 27, 1999, default or the February 7, 2000, order and that the administrative record establishes defendant gave him notice by regular mail.  
El Sauz, Inc. v. Daley
, 328 Ill. App. 3d 508, 519-20 (2002) (service by regular mail was reasonably calculated to provide actual notice of administrative order).

When the decision of an administrative agency presents a mixed question of law and fact, the standard of review is clearly erroneous, and an agency's decision will be deemed clearly erroneous only where the reviewing court, on the entire record, is " 'left with the definite and firm conviction that a mistake has been committed.' "  
AFM Messenger Service, Inc. v. Department of Employment Security
, 198 Ill. 2d 380, 395 (2001), quoting 
United States v. United States Gypsum Co.
, 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).  Factual findings of an agency are 
prima
  
facie
 true and correct and may be set aside only if against the manifest weight of the evidence, while questions of law are subject to 
de
 
novo
 review.  
Enesco Corp. v. Doherty
, 314 Ill. App. 3d 123, 131 (2000).  We review the agency's decision not the decision of the circuit court, and determinations as to the weight of the evidence are left to the agency.  
Swoope v. Retirement Board of the Policemen's Annuity & Benefit Fund
, 323 Ill. App. 3d 526, 529 (2001).

Plaintiff's first issue turns on section 2-14-108 of the Municipal Code of Chicago, which provides in pertinent part:

"Petition to set aside default order.

(a) An administrative law officer may set aside any order entered by default and set a new hearing date, upon a petition filed within 21 days after the issuance of the order of default, if the administrative law officer determines that the petitioner's failure to appear at the hearing was for good cause or, at any time, if the petitioner establishes that the petitioner was not provided with proper service of process.  If the petition is granted, the administrative law officer shall proceed with a new hearing on the underlying matter as soon as practical."  Chicago Municipal Code §2-14-108 (1998).

Plaintiff filed a 
 
pro
 
se
 motion to vacate the December 27 order on January 24, 2000.  Plaintiff contends that the December 27 order was not stamped with a mailing date until January 7, 2000, and this provided him 7 additional days to file his motion within 21 days of the December 27 order.  Defendant agrees that the January 24, 2000, motion was timely with reference to the December 27 order.  Plaintiff additionally argues that he could not show service was improper because he was denied his due process right to a hearing to show the improper service and that the order was void.

On December 27, 1999, plaintiff did not appear and the ALO found plaintiff in default.  Plaintiff's January 24, 2000, motion to set aside the default order from December 27, 1999 stated only that he "did not receive notice for hearing and list of violations."  This motion was set for February 7, 2000.  The record contains a verified notice of a mailing of a violation, summons and report form to plaintiff at his address by first class mail on December 13, 1999.  At a hearing on plaintiff's motion on February 7, 2000, plaintiff again did not appear, and the ALO denied the motion to set aside the default from December 27, 1999 because no good cause was shown.

On February 14, 2000, plaintiff filed a written motion to set aside the February 7, 2000, order, again for lack of "notice for hearing and list of violations."  That motion was set for hearing on February 28, 2000.  At the February 28, 2000, hearing plaintiff testified he thought the date was February 20.  When he appeared on February 14, he was told the hearing occurred on February 7.   The ALO stated that upon review of the evidence, he found the February 7 order was not a default, but simply a denial and because the motion to set aside the default was not timely the ALO denied the motion.

The basis for setting aside the default was plaintiff's claimed lack of notice.  The record showed that defendant sent timely notice by mail.  Plaintiff's claim of lack of notice alleged a factual question.  
El Sauz
, 328 Ill. App. 3d at 515.  The ALO heard testimony on February 28, 2000, and rejected plaintiff's claim.  

We find no basis in the record for plaintiff's contention that he was denied a hearing.  The administrative record shows the ALO held an evidentiary hearing on February 28, 2000, at which time the ALO recognized plaintiff's motion claimed lack of notice.   After the plaintiff was sworn, the ALO conducted an evidentiary hearing. The plaintiff was given an opportunity to explain his position.  Plaintiff failed to demonstrate good cause to justify setting aside the order from February 7, 2000 or to justify vacating the default judgment from December 27, 1999.  Plaintiff indicated that the only reason he failed to appear at the February 7, 2000 hearing at which the order denying his motion to set aside the default from December 27, 1999 was entered was that he mistakenly believed that hearing was scheduled for another day.  Plaintiff failed to demonstrate any basis for this mistake.  The motion to set aside the default, which plaintiff signed and filed on January 24, 2000, states unequivocally that the hearing on the motion is scheduled for February 7, 2000 at 12 noon in room 114 at 400 West Superior Street.  

During the hearing held on February 28, 2000, the ALO specifically inquired, "Is there anything else you want me to consider before I make a decision on this matter?"  The plaintiff did not elaborate on the bare assertions in his motion.  The record reflects that plaintiff did not establish either that his failure to appear was for good cause or that at any time he was not provided with proper notice or proper service of process under section 2-14-108 of the Chicago Municipal Code.  Moreover, the record reflects that plaintiff's initial petition to set aside the December 27, 1999, order was properly denied on February 7, 2000 when plaintiff again failed to appear and because he did not establish good cause or lack of proper service of process.

Although the ALO denied plaintiff's motion after the hearing on February 28, 2000 based on the timeliness issue, we find the record does not demonstrate that plaintiff's failure to appear on December 27, 1999 and February 7, 2000, was for good cause.  Additionally, the record does not support plaintiff's claim that he did not receive notice or proper service.  Plaintiff's mere denial of proper service was not enough to demonstrate, without further specification, that he did not receive notice.  
Cf.
 
Tate v. American General Life & Accident Insurance Co.
, 274 Ill. App. 3d 769, 773
 
(1995).

On appeal, the reviewing court "cannot reweigh the evidence, the credibility of a witness, or the reasonable inferences to be drawn from the evidence."  
Page v. City of Chicago
, 299 Ill. App. 3d 450, 464 (1998).  We find the decision of the ALO was not against the manifest weight of the evidence and was not clearly erroneous.  A reviewing court may affirm a ruling for any reason supported by the record.  
Daley v. License Appeal Commission of the City of Chicago
, 311 Ill. App. 3d 194, 195 (1999).
  The circuit court correctly upheld the agency's decision.  

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN, P.J., and GALLAGHER, J., concur.